**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **Vigilos, LLC**<br><br>**Plaintiff,**<br>**v.**<br><br>**Sling Media, Inc.;**<br>**EchoStar Technologies, L.L.C.;**<br>**EchoStar Corporation; and**<br>**Monsoon Multimedia, Inc.**<br><br>**Defendants.** | **Civil Action No. __________**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Vigilos, LLC alleges as follows:

## PARTIES

1. Plaintiff Vigilos, LLC ("Vigilos") is a Texas limited liability company with a principal place of business at 719 West Front Street, Suite 102, Tyler, Texas 75702.

2. On information and belief, defendant Sling Media, Inc. is a Delaware corporation with a principal place of business at 1051 East Hillsdale Boulevard, Suite 500, Foster City, California 94404.

3. On information and belief, defendant EchoStar Technologies, L.L.C. is a Texas limited liability company with a principal place of business at 9601 South Meridian Boulevard, Englewood, Colorado 80112.

4. On information and belief, defendant EchoStar Corporation is a Nevada corporation with a principal place of business at 100 Inverness Terrace East, Englewood, Colorado 80112.

5. On information and belief, defendant Monsoon Multimedia, Inc. is a Delaware corporation with a principal place of business at 1730 South Amphlett Boulevard, Suite 101, San Mateo, California 94402.

**JURISDICTION AND VENUE**

6. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b). On information and belief, each of the defendants has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

8. On information and belief, each of the Defendants is subject to this Court's specific and general personal jurisdiction under due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

**COUNT I**

**Infringement of U.S. Patent No. 6,839,731**

9. Plaintiff Vigilos is the owner by assignment of United States Patent No. 6,839,731 (the "'731 patent"), which is entitled System and Method for Providing Data Communication in a Device Network. The '731 patent issued on January 4, 2005. A true and correct copy of the '731 patent is attached as Exhibit A.

10. Defendant Sling Media has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '731 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products falling within the scope of one or more claims of the '731 patent, including without limitation Slingbox devices and related access software. By making, using, importing, offering for sale, and/or selling such products, Sling Media has injured Vigilos and is thus liable to Vigilos for infringement of the '731 patent under 35 U.S.C. §271.

11. Defendant EchoStar Technologies has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the ’731 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products falling within the scope of one or more claims of the ’731 patent, including without limitation SlingLoaded set-top boxes and related access software. By making, using, importing, offering for sale, and/or selling such products, EchoStar Technologies has injured Vigilos and is thus liable to Vigilos for infringement of the ’731 patent under 35 U.S.C. §271.

12. Defendant EchoStar Corporation has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the ’731 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products falling within the scope of one or more claims of the ’731 patent, including without limitation SlingLoaded set-top boxes and related access software. By making, using, importing, offering for sale, and/or selling such products, EchoStar has injured Vigilos and is thus liable to Vigilos for infringement of the ’731 patent under 35 U.S.C. §271.

13. Defendant Monsoon Multimedia has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the ’731 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products falling within the scope of one or more claims of the ’731 patent, including without limitation Vulkano devices and related access software. By making, using, importing, offering for sale, and/or selling such products, Monsoon Multimedia has injured Vigilos and is thus liable to Vigilos for infringement of the ’731 patent under 35 U.S.C. §271.

14. To the extent that any marking was required by 35 U.S.C. § 287, all predecessors in interest to the ’731 patent have complied any with such requirements.

15. To the extent that facts learned in discovery show that any one of the defendants' infringement of the '731 patent is or has been willful, Vigilos reserves the right to request such a finding at the time of trial.

16. As a result of each defendants' infringement of the '731 patent, Vigilos has suffered monetary damages and will continue to suffer damages in the future unless defendants' infringing activities are enjoined by this Court.

17. Unless a permanent injunction is issued enjoining each defendant and its agents, servants, employees, representatives, affiliates, and all others acting or in active concert therewith from infringing the '731 patent, Vigilos will be greatly and irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Vigilos respectfully requests that this Court enter:

1. A judgment in favor of Vigilos that Defendants have infringed, directly and/or indirectly, by way of inducing and/or contributing to the infringement of the '731 patent;

2. A permanent injunction enjoining each defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '731 patent;

3. A judgment and order requiring each defendant to pay Vigilos its damages, costs, expenses, and prejudgment and post-judgment interest for each defendants' infringement of the '731 patent as provided under 35 U.S.C. § 284;

4. A judgment and order requiring each defendant to provide an accounting and to pay supplemental damages to Vigilos, including, without limitation, pre-judgment interest;

5. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Vigilos against each defendant Vigilos' reasonable attorneys' fees; and

6. Any and all other relief to which Vigilos may show itself to be entitled.

**DEMAND FOR JURY TRIAL**

Vigilos, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: February 23, 2010

Respectfully submitted,

By: /s/ Andrew W. Spangler

Andrew W. Spangler
State Bar No. 24041960
SPANGLER LAW P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
Telephone: 903/753-9300
Facsimile: 903/553-0403
spangler@spanglerlawpc.com

Marc A. Fenster
California Bar No. 181067
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone: 310/826-7474
Facsimile: 310/826-6991
mfenster@raklaw.com

**Attorneys for Plaintiff
VIGILOS, LLC**